## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERICAN BUILDERS & CONTRACTORS SUPPLY CO., INC. d/b/a ABC SUPPLY CO., INC., | ) ) ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| MIDDLE CREEK ROOFING, LLC and BENJAMIN Z. LAPP, | ) ) | |
| | ) | |
| Defendants. | ) | |

## VERIFIED COMPLAINT

Plaintiff American Builders & Contractors Supply Co., Inc. d/b/a ABC Supply Co., Inc. (the "Plaintiff"), by and through its attorney the Law Offices of Scott H. Bernstein LLC, files the instant Verified Complaint against defendants Middle Creek Roofing, LLC ("Middle Creek") and Benjamin Z. Lapp ("Lapp" and together with Middle Creek, the "Defendants") and in support thereof, avers as follows:

## NATURE OF THIS ACTION

1.     The Plaintiff brings this action against Defendant Middle Creek for its failure to pay for building materials and construction supplies which were ordered from the Plaintiff and provided by the Plaintiff to Defendant Middle Creek for use in its construction business.  The Plaintiff also brings this action to enforce a personal guaranty given to the Plaintiff by Defendant Lapp.

## PARTIES, JURISDICTION AND VENUE

2.     The Plaintiff is a Delaware corporation with its principal place of business located at 1 ABC Parkway, Beloit, Wisconsin 53511.

3.      The Plaintiff is authorized to do business in the Commonwealth of Pennsylvania and is engaged in the business of supplying roofing, siding, windows and other select exterior and interior building products for use in the construction industry.

4.      Defendant Middle Creek is a Pennsylvania limited liability company with a principal place of business located at 5 Stump Road, Newmanstown, Pennsylvania 17073.

5.      Defendant Lapp is the President of Middle Creek and an individual residing at 5 Stump Road, Newmanstown, Pennsylvania 17073.

6.      The United States District Court for the Middle District of Pennsylvania has jurisdiction over this action under 28 U.S.C. § 1332 because the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs, and this action is between citizens of different states.

7.      Venue is proper under 28 U.S.C. § 1391(b) because the Defendants reside and transact business in this District, and the events giving rise to this Verified Complaint occurred in this District.

### FACTS GIVING RISE TO THE PLAINTIFF'S CAUSES OF ACTION

**A.      The Agreement Executed by Defendant Middle Creek and the Personal Guaranty Given by Defendant Lapp to the Plaintiff.**

8.      On December 7, 2015, Defendant Middle Creek opened a credit account with the Plaintiff by submitting a Credit Application, agreeing to the Plaintiff's Credit Agreement, and agreeing to the Plaintiff's Purchase Agreement Terms and Conditions of Sale (together with the Credit Application and the Credit Agreement, the "Agreement").

9.      A true and correct, but redacted, copy of the Agreement is attached hereto as **Exhibit A** and a clean, more legible copy of the form utilized is attached hereto as **Exhibit B**.

2

10.     Section 3 of the Agreement (the "Personal Guaranty"), entitled "Your personal guaranty," states as follows:

**Continuing Guaranty**

I (we) the undersigned understand that the information furnished you is for the purpose of obtaining credit from your company, that I am (we are) authorized, in my (our) capacity, to bind my (our) company accordingly.  I (we) the undersigned, hereinafter referred to as guarantors, do jointly, severally, and unconditionally guarantee and promise to promptly pay when due any and all indebtedness of Buyer to ABC, together with any late payment charge that may accrue thereon, regardless of how such indebtedness is incurred, whether such indebtedness is direct or indirect, absolute or contingent, due or to become due, or exists now or arises hereafter.  In addition, the Guarantor(s) agree to pay all costs of collection, legal expenses and attorney's fees paid or incurred by ABC in the collection of Buyer's indebtedness and in enforcing this Continuing Guaranty. The foregoing indebtedness, principal, interest, costs, expenses and fees are hereinafter called the "Indebtedness."  Each undersigned guarantor agrees to be bound by ABC's Terms and Conditions of Continuing Guaranty.

Each undersigned personal guarantor, recognizing that his or her individual credit history may be a necessary factor in the evaluation of this Continuing Guaranty, hereby consents for and authorizes ABC to obtain and use consumer credit reports for each undersigned, from time to time as may be needed to evaluate the credit of Buyer and/or undersigned.

11.     By signing section 4 of the Agreement, entitled "Guarantors sign here," Defendant Lapp personally guaranteed the payment of the building materials and construction supplies that Defendant Middle Creek acquired from the Plaintiff.

12.     Defendant Middle Creek requested that the Plaintiff furnish building materials and construction supplies to Defendant Middle Creek for use on and in multiple projects in which Defendant Middle Creek had been hired as a contractor (the "Projects").

13.     At the request of Defendant Middle Creek, the Plaintiff sold and provided to Defendant Middle Creek building materials and construction supplies of the kinds and quantities ordered by Defendant Middle Creek for use in and on the Projects.

14.     Defendant Middle Creek received and accepted the building materials and construction supplies which the Plaintiff sold and provided to Defendant Middle Creek.

15.     After each shipment and delivery of the building materials and construction supplies or each instance of Defendant Middle Creek picking up the building materials and construction supplies from the Plaintiff's branch, the Plaintiff issued an invoice for the building materials and construction supplies in accordance with the Terms and Conditions set forth in the Agreement.

16.     Pursuant to Section 1 of the General Terms and Conditions of the Credit Agreement, Defendant Middle Creek agreed to pay each invoice in full in accordance with the terms of the invoice and to pay monthly late payment charges at the rate of one and a half percent (1.5%) per month on any amounts extended by the Plaintiff as credit and that were not paid in a timely manner.

17.     Pursuant to Section 2 of the General Terms and Conditions of the Credit Agreement, Defendant Middle Creek agreed to pay the Plaintiff's costs of collection, including attorney's fees and costs incurred by the Plaintiff.

18.     Pursuant to Section 3 of the Credit Application and the General Terms and Conditions of the Personal Guaranty, Defendant Lapp agreed to pay the Plaintiff's costs of collection, legal expenses, and attorney's fees paid or incurred by the Plaintiff in the collection of Defendant Middle Creek's indebtedness owed to the Plaintiff and in enforcing the Personal Guaranty given by Defendant Lapp to the Plaintiff.

      **B.**     **The Unpaid Invoices Issued by the Plaintiff to Defendant Middle Creek.**

19.     During the period from approximately June 20, 2022 to September 29, 2022, Defendant Middle Creek ordered certain building materials and construction supplies on credit

4

from the Plaintiff and the Plaintiff provided the ordered building materials and construction supplies to Defendant Middle Creek.   *See* composite **Exhibit C** hereto which is comprised of true and correct copies of unpaid invoices (collectively, the "Invoices") issued by the Plaintiff to Defendant Middle Creek.

20.     Attached hereto as **Exhibit D** is a true and correct copy of the Plaintiff's Statement dated September 30, 2022 (the "Statement of Account").  The Statement of Account identifies the Invoices in the aggregate amount of $238,516.28, which were issued by the Plaintiff to Defendant Middle Creek, which have not been paid by Defendant Middle Creek, and that are past due.

21.     Defendant Forest Middle Creek has failed and refused and continues to fail to pay the monies due and owing under the Invoices identified on the Statement of Account for building materials and construction supplies delivered to Defendant Middle Creek.

22.     Defendant Middle Creek retained the Invoices identified on the Statement of Account without objection or dispute within a time period reasonable under the circumstances.

23.     Defendant Middle Creek owes the Plaintiff the amounts set forth in the Statement of Account.

24.     Defendant Middle Creek has defaulted under the Agreement, and, as a result, Defendant Lapp is now required to fulfill his obligations to the Plaintiff under the Personal Guaranty.

25.     Demand has been made upon the Defendants for payment in full of the amounts due and owing under the Agreement and the Personal Guaranty.

26.     Notwithstanding the Plaintiff's demand for payment from the Defendants of the amounts that are due and owing with respect to the unpaid Invoices set forth in the Statement of

Account, the Defendants have failed and refused and continue to fail and refuse to make payment of the amounts that are due and owing under the Agreement and the Personal Guaranty.

**COUNT I – BREACH OF CONTRACT**
(The Plaintiff vs. Middle Creek with Respect to the Agreement)

27.    The Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 26 of this Verified Complaint as if such allegations were set forth at length herein.

28.    At all times relevant to this Verified Complaint, the Plaintiff performed its obligations to Defendant Middle Creek under the Agreement and the Plaintiff fulfilled all conditions precedent to payment under the Agreement.

29.    At all times relevant to this Verified Complaint, Defendant Middle Creek was responsible for payment of the Plaintiff's invoices resulting from the Plaintiff providing building materials and construction supplies to Defendant Middle Creek under the Agreement.

30.    By refusing and failing to pay for the building materials and construction supplies provided by the Plaintiff, Defendant Middle Creek has breached the Agreement between the Plaintiff and Defendant Middle Creek.

31.    As a result of the foregoing, an amount no less than $238,516.28 is owed by Defendant Middle Creek to the Plaintiff on account of the Plaintiff providing building materials and construction materials to Defendant Middle Creek under the Agreement.

**WHEREFORE**, plaintiff American Builders & Contractors Supply Co., Inc., doing business as ABC Supply Co., Inc., respectfully requests that judgment be entered in its favor and against defendant Middle Creek Roofing, LLC in an amount no less than $238,516.28, <u>plus</u>

prejudgment and post-judgment interest, attorneys' fees and costs incurred, and such other and further relief as the Honorable Court deems just and proper.

## COUNT II – UNJUST ENRICHMENT/QUANTUM MERUIT
(The Plaintiff vs. Defendant Middle Creek)

32.     The Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 31 of this Verified Complaint as if such allegations were set forth at length herein.

33.     The Plaintiff conferred a benefit upon Defendant Middle Creek by providing Defendant Middle Creek with the building materials and construction supplies, as aforesaid, and as set forth in the Invoices.

34.     Defendant Middle Creek accepted and retained the benefit of the building materials and construction supplies provided by the Plaintiff.

35.     It is believed and therefore averred that Defendant Middle Creek installed the building materials and construction supplies on and in the Projects and the owners of the Projects paid Defendant Middle Creek for the building materials and construction supplies provided by the Plaintiff.

36.     Under the circumstances set forth above, it would be inequitable and unjust for Defendant Middle Creek to accept and retain the benefit of the building materials and construction supplies provided by the Plaintiff without paying the Plaintiff for the value of its building materials and construction supplies.

37.     By failing to pay for the value of the building materials and construction supplies provided by the Plaintiff, Defendant Middle Creek has been unjustly enriched in an amount no less than $238,516.28.

**WHEREFORE**, plaintiff American Builders & Contractors Supply Co., Inc., doing business as ABC Supply Co., Inc., respectfully requests that judgment be entered in its favor and against defendant Middle Creek Roofing, LLC in an amount no less than $238,516.28, plus prejudgment and post-judgment interest, attorneys' fees and costs incurred, and such other and further relief as the Honorable Court deems just and proper.

### COUNT III – ACCOUNT STATED
(The Plaintiff vs. Defendant Middle Creek)

38.     The Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 37 of this Verified Complaint as if such allegations were set forth at length herein.

39.     The Invoices set forth in the Statement of Account reflect the balance due to the Plaintiff from Defendant Middle Creek and were delivered and accepted by Defendant Middle Creek.

40.     The Invoices set forth in the Statement of Account were retained by Defendant Middle Creek without objection or dispute within a period of time reasonable under the circumstances.

41.     The Invoices set forth in the Statement of Account constitute an account stated.

42.     As a result of the foregoing, an amount no less than $238,516.28 is owed by Defendant Middle Creek to the Plaintiff on account of the Invoices.

**WHEREFORE**, plaintiff American Builders & Contractors Supply Co., Inc., doing business as ABC Supply Co., Inc., respectfully requests that judgment be entered in its favor and against defendant Middle Creek Roofing, LLC in an amount no less than $238,516.28, plus

prejudgment and post-judgment interest, attorneys' fees and costs incurred, and such other and further relief as the Honorable Court deems just and proper.

## <u>COUNT IV – BREACH OF CONTRACT</u>
(The Plaintiff vs. Defendant Lapp with Respect to the Personal Guaranty)

43.     The Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 42 of this Verified Complaint as if such allegations were set forth at length herein.

44.     Defendant Middle Creek has defaulted under the Agreement and, as a result, Defendant Lapp is now obligated to fulfill his obligations to the Plaintiff pursuant to the Personal Guaranty.

45.     The Plaintiff has demanded payment from Defendant Lapp, but he has not made payment to the Plaintiff on account of the amount due and owing by Defendant Middle Creek to the Plaintiff under the Agreement.

46.     As a result of the foregoing, an amount no less than $238,516.28 is owed by Defendant Lapp to the Plaintiff on account of the Invoices.

**WHEREFORE**, plaintiff American Builders & Contractors Supply Co., Inc., doing business as ABC Supply Co., Inc., respectfully requests that judgment be entered in its favor and against Defendant Benjamin Z. Lapp in an amount no less than $238,516.28, <u>plus</u> prejudgment and post-judgment interest, attorneys' fees and costs incurred, and such other and further relief as the Honorable Court deems just and proper.

Dated: Roseland, New Jersey
      October 27, 2022

LAW OFFICES OF SCOTT H. BERNSTEIN LLC
*Attorney for Plaintiff, American Builders &*
*Contractors Supply Co., Inc. d/b/a ABC Supply Co.,*
*Inc.*

By: */s/ Scott H. Bernstein*
    Scott H. Bernstein
    P.A. Attorney Id. No. 321763
    101 Eisenhower Parkway, Suite #300
    Roseland, New Jersey 07068
    Telephone Number:  (862) 245-2667
    scott@scottbernsteinlaw.com

## VERIFICATION

I, Amanda Badillo, do hereby verify that I am a Debt Recovery Analyst at American Builders & Contractors Supply Co., Inc. d/b/a ABC Supply Co., Inc., that I am authorized to make this Verification on its behalf, and that, based on the information that I have reviewed, the statements made in the foregoing Verified Complaint are true and correct to the best of my knowledge, information and belief.

Pursuant to 28 U.S. Code § 1746, I verify under penalty of perjury that the foregoing is true and correct.  Executed in Beloit, Wisconsin on October 26, 2022.

AMERICAN BUILDERS & CONTRACTORS SUPPLY CO., INC. d/b/a ABC SUPPLY CO., INC.

By: _____
    Name:  Amanda Badillo
    Title:   Debt Recovery Analyst